IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Jose Martinez Gonzalez, | ) | |
| Petitioner, | ) ) | CV-06-2655-PHX-GMS (JCG) |
| vs. | ) ) | **REPORT & RECOMMENDATION** |
| Martin McDaniel, et al., | ) ) ) | |
| Respondents. | ) ) ) | |

Petitioner, Jose Martinez Gonzalez, who is presently confined at the Diamondback Correctional Facility in Watonga, Oklahoma, has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Before the Court are the Amended Petition for Writ of Habeas Corpus ("Petition") (Doc. No. 9), Respondents' Answer to Petition for Writ of Habeas Corpus ("Answer") (Doc. No. 23) and Petitioner's Reply.[1] (Doc. No. 26.) Pursuant to the Rules of Practice of this Court, this matter was referred to Magistrate Judge Guerin for

---

[1] To the extent Petitioner's Reply moves for default judgment against Respondents for failure to timely file their Answer, the motion is without merit. Respondents' Motion for Extension of Time was granted by the Court and the Answer was accepted by the Court as timely filed. (Doc. No. 22.) In addition, the Court denied Petitioner's Motion for Default Judgment (Doc. No. 27) by Order dated April 15, 2008. (Doc. No. 29.)

Report and Recommendation. The Magistrate Judge recommends that the District Court deny the Petition.

## **FACTUAL AND PROCEDURAL BACKGROUND**

On March 28, 2003, the State filed an indictment in Maricopa County Superior Court charging Petitioner and four co-defendants with five counts each of kidnaping, class 5 dangerous felonies (Counts 1-5), and one count each of conspiracy to commit kidnaping, a class 2 dangerous felony (Count 6.) (Answer, Ex. M.) The charges arose from an incident in which Petitioner and his co-defendants assisted "coyotes" (alien smugglers) who held illegal aliens captive at gunpoint in a house in Phoenix and refused to release them to family members unless the family members paid $1500 for each of the aliens' release. (Answer, Ex. N.)

Petitioner was tried jointly with two co-defendants. (*Id.*) On September 15, 2003, a jury convicted Petitioner on the conspiracy to commit kidnaping charge but found Petitioner not guilty as to the kidnaping charges. (Answer, Ex. J.) On November 26, 2003, Petitioner was sentenced to the minimum term of 7 years' imprisonment. (Answer, Ex. K.)

On August 16, 2004, Petitioner filed an appeal in which he raised the following claims: (1) the trial court abused its discretion by refusing to sever the trials of Petitioner and his co-defendants; Petitioner did not receive a fair trial and a new trial is required; (2) the trial court erred by giving a confusing and contradictory instruction regarding the duty of the jury to apply the facts to each co-defendant, resulting in fundamental error; and (3) the trial court erred when it denied defense counsel's motion for judgment of acquittal because the state did not produce substantial evidence to support its conspiracy charge against Petitioner. (Answer, Ex. L.) On March 8, 2005, the Court of Appeals issued a memorandum decision affirming Petitioner's conviction and sentence. (Answer, Ex. N.)

On April 19, 2005, Petitioner filed a petition for review to the Arizona Supreme Court. (Answer, Ex. O.) On July 19, 2005, the Arizona Supreme Court denied review. (Answer, Ex. P.)

1 On August 29, 2005, Petitioner filed a notice of post-conviction relief in Maricopa County Superior Court. (Answer, Ex. Q.) After Petitioner's appointed counsel filed a Notice of Completion of Post-Conviction Review, the trial court afforded Petitioner the opportunity to file a pro se petition. (Answer, Ex. R.) On April 5, 2006, Petitioner filed a "Petition for Post-Conviction Relief" consisting of a pre-printed form on which Petitioner checked four boxes. (Answer, Ex. S.) The trial court struck the pro se petition, ordering Petitioner to file a petition in conformance with Rule 32.5, Ariz. R. Crim. P., no later than June 30, 2006. (Answer, Ex. T.) Petitioner failed to file the petition and the trial court dismissed Petitioner's post-conviction relief proceedings on August 16, 2006.

On June 11, 2007, Petitioner filed the pending federal Petition for Writ of Habeas Corpus, arguing three grounds for relief:

**Ground 1:** The trial court abused its discretion and violated Petitioner's 6th Amendment and due process rights when it refused to grant Petitioner's motion to sever;

**Ground 2:** Petitioner's 14th Amendment and due process rights were violated when the trial court gave confusing and contradictory jury instructions; and

**Ground 3:** Petitioner's due process rights were violated when the trial court denied Petitioner's motion for judgment of acquittal based on a lack of substantial evidence to support the conspiracy charge. (Petition, pgs. 6-16.)

## **DISCUSSION**

The Magistrate Judge recommends that the Petition be denied. Petitioner failed to fairly present his claims as federal claims in state court.[2]

---

[2] Respondents briefed Ground 3 on the merits, construing Petitioner's appeal as "arguably fairly presenting this claim to the Arizona Court of Appeals," but at the same time noting that it was "doubtful" that a federal due process claim was, in fact, fairly presented. (Answer, p. 21, nt. 3.) For the reasons stated herein, the Court concludes that Ground 3 was presented only as a state law claim on appeal. However, even if Ground 3 were to be so liberally construed as to be fairly presented, the Court agrees with Respondents' assessment that Ground 3 lacks merit. In considering Ground 3, the Court of Appeals reasonably applied the appropriate federal law. The Court held that Petitioner's conviction could not be reversed based upon insufficiency of the evidence unless, resolving all conflicts in the evidence against the defendant, there was a complete absence of

**A. Exhaustion**

   **i. Legal Standard**

Ordinarily, before a federal court will consider the merits of a habeas petition, the petitioner must exhaust the remedies available to him in state court. 28 U.S.C. §2254(b)(1)(A); *Picard v. Connor*, 404 U.S. 270, 275 (1971). First enunciated in *Ex parte Royall*, 117 U.S. 241 (1886), the exhaustion requirement is designed "not to create a procedural hurdle on the path to federal habeas court, but to channel claims into an appropriate forum, where meritorious claims may be vindicated and unfounded litigation obviated before resort to federal court." *Keeney v. Tamayo-Reyes*, 504 U.S. 1, 10 (1992). The requirement is grounded in principles of comity, and reflects a desire to protect state courts' role in the enforcement of federal law. *Castille v. Peoples*, 489 U.S. 346, 349 (1989) (citation omitted). The requirement is also based on a pragmatic consideration that fully exhausted claims will usually be accompanied by a complete factual record once they reach federal court. *Rose v. Lundy*, 455 U.S. 509, 519 (1982).

A petitioner must exhaust his claims by fairly presenting them to the state's highest court, either through a direct appeal or collateral proceedings, before a federal court will consider the merits of habeas corpus claims pursuant to 28 U.S.C. § 2254. *See Rose*, 455 U.S. at 519. A petitioner must have also presented his claim in a procedural context in which its merits will be considered. *See Castille*, 489 U.S. at 351. A habeas petitioner's claims may be precluded from federal review on exhaustion grounds in either of two ways. First, a claim may be procedurally defaulted in federal court if it was actually raised in state court but

---

probative facts to support the conviction. (Answer, Ex. N, pg. 5.) This is the federal standard. *See Jackson v. Virginia*, 443 U.S. 307, 318 (1979). The Court of Appeals' application of federal law to the facts before it was reasonable. The Court of Appeals reasonably concluded that Petitioner knowingly participated in a kidnaping conspiracy when he approached undercover police (attempting to bust an alien-smuggling ring under the guise of family members paying money for the release of illegal alien relatives) and asked if they were "there for the people," instructed the police to move their car for the exchange, observed the exchange and then left the scene with other co-defendants. (Answer, Ex. N; Ex. F pgs. 69, 71-72, 77, 79, 92-93, 108-110, 129-31; Ex. G, pgs. 5-8.)

found by that court to be defaulted on state procedural grounds. *See Coleman v. Thompson*, 501 U.S. 722, 729-30 (1991). Second, the claim may be procedurally defaulted in federal court if the petitioner failed to present the claim in a necessary state court and "the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred." *Id.* at 735 n.1. If a petitioner has procedurally defaulted a claim in state court, a federal court will not review the claim unless the petitioner shows "cause and prejudice" for the failure to present the constitutional issue to the state court, or makes a colorable showing of actual innocence. *See Gray v. Netherland*, 518 U.S. 152, 162 (1996); *Sawyer v. Whitley*, 505 U.S. 333, 337 (1992); *Murray v. Carrier*, 477 U.S. 478, 485 (1986).

**ii.     Grounds 1-3 were not fairly presented**.

Petitioner presented Grounds 1-3 on direct review. However, Petitioner failed to argue these grounds based on federal law.

To properly exhaust state remedies, the petitioner must "fairly present" his claims to the state's highest court in a procedurally appropriate manner. *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999). A claim is "fairly presented" if the petitioner has described the operative facts and the federal legal theory on which his claim is based so that the state courts have a fair opportunity to apply controlling legal principles to the facts bearing upon his constitutional claim. *Anderson v. Harless*, 459 U.S. 4, 6 (1982); *Picard v. Connor*, 404 U.S. 270, 277-78 (1971). Resolving whether a petitioner has fairly presented his claim to the state court is an intrinsically federal issue to be determined by the federal court. *Wyldes v. Hundley*, 69 F.3d 247, 251 (8th Cir. 1995); *Harris v. Champion*, 15 F.3d 1538, 1556 (10th Cir. 1994). Commenting on the importance of fair presentation, the United States Supreme Court has stated:

> If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

*Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam). Following *Duncan*, the Ninth Circuit has held that a state prisoner has not "fairly presented" (and thus has not exhausted) federal claims in state court unless he specifically indicated to that court that the claims were based on federal law. *See, e.g., Lyons v. Crawford*, 232 F.3d 666, 669-70 (2000), *as amended by* 247 F.3d 904 (9th Cir. 2001) (general reference to insufficiency of evidence, right to be tried by impartial jury and ineffective assistance of counsel lacked specificity and explicitness required to present federal claim); *Shumway v. Payne*, 223 F.3d 982, 987-88 (9th Cir. 2000) (broad reference to "due process" insufficient to present federal claim); *see also Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999) ("The mere similarity between a claim of state and federal error is insufficient to establish exhaustion.").

In presenting Ground 1 to the Arizona Court of Appeals, Petitioner argued that he was entitled to a severance pursuant to 17 A.R.S. Rules of Crim. Pro., Rule 13.4(a), *State v. Grannis*, 900 P.2d 1, 7 (Ariz. 1995) and *State v. Cruz*, 672 P.2d 470 (Ariz. 1983). (Answer, Ex. L, pgs. 7-9.) Petitioner did not specifically indicate to the state court that his claim was based on federal law. The Court of Appeals, in analyzing the merits of Petitioner's claim, likewise did not include any discussion of federal law. (Answer, Ex. N.) Although Petitioner alleged in the caption of his claim that he "did not receive a fair trial," a general appeal to a broad constitutional principle is insufficient to establish fair presentation of a federal constitutional claim. *See Fields v. Waddington*, 401 F.3d 1018, 1021 (9th Cir. 2005) (a federal claim is not exhausted by a petitioner's mention, in passing, of a broad constitutional concept, such as due process).

In presenting Ground 2 to the Arizona Court of Appeals, Petitioner argued that the trial court's jury instruction was confusing and amounted to fundamental error pursuant to *State v. Valenzuela*, 984 P.2d 12, 15 (Ariz. 1999). (Answer, Ex. L, pg. 13.) Petitioner did not indicate that he was presenting a federal claim or include reference to the federal Constitution or federal case law. The Arizona Court of Appeals analyzed Petitioner's claim as a state law claim. (Answer, Ex. N.) As stated above, Petitioner's passing reference to a "fair trial" was not sufficient to federalize his claim.

In presenting Ground 3 to the Arizona Court of Appeals, Petitioner argued that he was entitled to a judgment of acquittal pursuant to 17 A.R.S. Rules of Crim. Pro., Rule 20 and *State v. Edwards*, 665 P.2d 59 (Ariz. 1983). (Answer, Ex. L, pg. 15.) Petitioner did not alert the Court of Appeals that he was presenting a claim arising under federal law, and the Court of Appeals analyzed the merits of Ground 3 as a state law claim. (Answer, Ex. N, pgs. 4-6.) The only reference to federal law related to Ground 3 appears in Petitioner's introductory sentence: "The government must prove every element of a charged offense beyond a reasonable doubt. U.S. Const. Amends. V, VI, & XIV." (Answer, Ex. L, pg. 15.) This passing reference to the federal Constitution was insufficient to put the Arizona Court of Appeals on notice of Petitioner's federal claim. *See Castillo v. McFadden*, 399 F.3d 993, 1002 (9th Cir.2005) (holding that exhaustion demands more than a citation to a general constitutional provision, detached from any articulation of the underlying federal legal theory).

In state court, Petitioner alleged facts which form the bases of Grounds 1-3 but presented those allegations in support of claims arising under state law. Petitioner failed to make any sufficient reference to the United States Constitution, a federal statute or a federal case. The state court was not alerted to a federal claim. Because Grounds 1-3 were not fairly presented in state court, they remain unexhausted absent a showing of cause and prejudice or a fundamental miscarriage of justice.

  **iii. Petitioner has not demonstrated cause and prejudice or made a colorable showing of actual innocence**.

A federal court may only grant review of a procedurally defaulted claim if petitioner makes a showing of cause and prejudice, *Netherland*, 518 U.S. at 162, or a colorable showing of actual innocence amounting to a "fundamental miscarriage of justice." *Sawyer v. Whitley*, 505 U.S. 333, 336 (1992). To establish cause for a procedural default, a petitioner must show an external impediment which rendered Petitioner unable to comply with the procedural rule. *Murray v. Carrier*, 477 U.S. 478, 488 (1986). To show prejudice, the petitioner bears the burden of demonstrating that the error worked to his substantial

disadvantage, infecting the entire trial with constitutional error. *Carrier*, 477 U.S. at 488. If petitioner cannot meet one of the requirements, it is unnecessary for federal courts to address the other requirement. *United States v. Frady*, 456 U.S. 152, 168 (1982). Petitioner may also be granted federal review if he can demonstrate a fundamental miscarriage of justice. A fundamental miscarriage of justice results when the petitioner can demonstrate that a constitutional error caused the conviction of one who is actually innocent. *Carrier*, 477 U.S. at 496.

Petitioner has not asserted cause and prejudice or actual innocence amounting to a "fundamental miscarriage of justice." Accordingly, Grounds 1-3 were not properly exhausted and the Court need not consider the merits of those claims.

**CONCLUSION**

Based on the foregoing, the Magistrate Judge recommends that the District Court enter an order DENYING the Petition for Writ of Habeas Corpus.

Pursuant to 28 U.S.C. §636(b), any party may serve and file written objections within ten days of being served with a copy of the Report and Recommendation. If objections are not timely filed, they may be deemed waived. If objections are filed, the parties should use the following case number: **CV-06-2655-PHX-GMS.**

The Clerk is directed to mail a copy of the Report and Recommendation to Petitioner and counsel for Respondents.

DATED this 9th day of October, 2009.

Jennifer C. Guerin
United States Magistrate Judge